Clerk's Office
Filed Date:
5/19/2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

SURUJBALLI NANAN,[1]

                Appellant,

     v.

NATIONSTAR MORTGAGE, LLC,

                Appellee.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-5276 (MKB)

MARGO K. BRODIE, United States District Judge:

    Appellant Surujballie Nanan, proceeding *pro se*, filed this appeal on October 30, 2020, arising from a bankruptcy proceeding in the U.S. Bankruptcy Court for the Eastern District of New York under Chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* (Notice of Appeal.) Appellant appeals the Bankruptcy Court's denial of his request to enter the court's Loss Mitigation Program with respect to his home. (*Id.*); Order Denying Debtor's Request to Enter into Loss Mitigation Program, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. Oct. 19, 2020), Docket Entry No. 32.[2] On November 24, 2020, Appellee Nationstar Mortgage LLC

---

[1] Appellant spells his name "Surujballie Nanan." (*See, e.g.*, Notice of Appeal, Docket Entry No. 1.) Accordingly, the Court uses that spelling.

[2] The Court takes judicial notice of the documents filed in Appellant's underlying and prior bankruptcy cases. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998))); *Tingling v. U.S. Dep't of Educ.*, 611 B.R. 710, 715 (E.D.N.Y. 2020) (taking judicial notice of the documents filed in the debtor's bankruptcy case); *In re Coleman*, No. 19-47236, 2020 WL 5531557, at *1 (E.D.N.Y. Sept. 15, 2020) (reviewing the "publicly filed documents in the [b]ankruptcy [c]ourt to ascertain whether there might be a viable challenge to any of the [b]ankruptcy [c]ourt's [o]rders" when the appellant failed to

("Nationstar") filed a letter to the Court arguing that the appeal is moot because the underlying bankruptcy case has since been dismissed.³ (Letter dated Nov. 23, 2020, Docket Entry No. 3.) In view of Appellee's letter, the Court directed Appellant to show cause on or before April 13, 2021, why the appeal should not be dismissed. (Order to Show Cause dated Mar. 30, 2021.) Appellant responded to the order to show cause in a letter dated April 9 and filed April 26, 2021. (Resp. to Order to Show Cause, Docket Entry No. 5.)

For the reasons set forth below, the Court dismisses the appeal.

I. **Background**

On May 21, 2020, the Trustee in the underlying bankruptcy proceeding moved to dismiss Appellant's bankruptcy petition pursuant to 11 U.S.C. § 1307(c)(1) and (5).⁴ *See* Notice of Motion, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. May 21, 2020), Docket Entry No. 21. Shortly thereafter, Appellant filed a request with the Bankruptcy Court to enter into the court's Loss Mitigation Program with respect to his home, which is secured by a mortgage from Appellee. *See* Loss Mitigation Request – by Debtor, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. June 9, 2020), Docket Entry No. 23. Appellant also opposed the motion to dismiss, arguing that he had been trying for several years to get Appellee to approve a mortgage

---

designate the record on appeal as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure).

³ One week later, on November 30, 2020, notice of receipt of the bankruptcy record was filed, and the parties were directed to follow the briefing schedule as set forth in Federal Rule of Bankruptcy Procedure 8018, with Appellant to "serve and file a brief within [thirty] days of this notice." (Notice of Bankruptcy R. Received, Docket Entry No. 4.) To date, Appellant has not filed a brief.

⁴ Under 11 U.S.C. § 1307(c)(1) and (5), a bankruptcy court may "dismiss a case under [chapter 13] . . . for cause, including (1) unreasonable delay by the debtor that is prejudicial to creditors" and "(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan."

modification based on changed circumstances but that Appellee had not been dealing with him in good faith because it had been repeatedly asking him to resend the same documentation regarding the modification. *See* Objection to Notice of Motion, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. Aug. 7, 2020), Docket Entry No. 27. Appellee objected to the Loss Mitigation request on the grounds that the underlying bankruptcy proceeding was Appellant's fifth bankruptcy petition in four years and that Appellee had already obtained an order granting in rem relief from the automatic stay in Appellant's prior bankruptcy case.[5] *See* Objection to Debtor's Loss Mitigation Request, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. June 26, 2020), Docket Entry No. 25.

At a September 16, 2020 hearing, Appellant advised the Bankruptcy Court that he had sent a "complete package" concerning his modification request to Appellee directly and had received a letter in response advising him to start making monthly payments in the amount of $2,100. *See* Letter dated Oct. 6, 2020, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. Oct. 6, 2020), Docket Entry No. 31 (status report following September 16 hearing). Counsel for Appellee stated that she had not received the package, and the court directed Appellant to send the package to counsel and adjourned the matter until October 14, 2020. *Id.* Prior to the October 14 hearing, counsel for Appellee informed the Bankruptcy Court that neither Appellee nor counsel had received anything from Appellant since the court directed Appellant to remail the documentation at the September 16 hearing, and that the letter Appellant told the court he had

---

[5] In granting in rem relief from the stay in the prior case, the Bankruptcy Court found that Appellant had filed that bankruptcy petition as "part of a scheme to delay, hinder, or defraud creditors that has involved multiple bankruptcy filings affecting the Property." Order Pursuant to 11 U.S.C. § 362(d)(4) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a) at 2, *In re Surujballie*, No. 18-45380 (Bankr. E.D.N.Y. Mar. 6, 2019), Docket Entry No. 32. The order further stated that "a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances." *Id.* at 3.

3

received from Appellee had not been a request for a payment but rather a notice advising him of the total arrears on his home, which totaled almost $350,000 dollars.  *Id.*

At the October 14 hearing, Appellant represented that he had mailed the modification documents directly to counsel per the court's September 16 directive, but counsel for Appellee stated that she had never received the documents and argued, among other things, that Appellant "clearly [has] no intent to proceed with loss mitigation."  *See* Transcript of October 14 Hearing at 3–4, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. Dec. 11, 2020), Docket Entry No. 43.  The court denied Appellant's Loss Mitigation request, stating that if he had mailed the complete package to Appellee as he maintained, then he "will be in touch with [Appellee]."  *Id.* at 5.  Because the court had only been keeping the case open to address the Loss Mitigation request, the court also granted the Trustee's motion to dismiss.  *Id.* at 6.  Following the hearing, the Bankruptcy Court entered an order denying Appellant's Loss Mitigation request on October 19, 2020, and an order dismissing the case on October 25, 2020.  *See* Order Denying Debtor's Request to Enter into Loss Mitigation Program, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. Oct. 19, 2020), Docket Entry No. 32; Order Dismissing Case, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. Oct. 25, 2020), Docket Entry No. 34.

On October 30, 2020, Appellant appealed the Bankruptcy Court's denial of his request to participate in the Loss Mitigation Program.  (Notice of Appeal.)  Soon thereafter, Appellee filed a letter arguing that the appeal is moot.  (Letter dated Nov. 23, 2020.)  The Court ordered Appellant to show cause by April 13, 2021, why his appeal should not be dismissed as moot.  (Order to Show Cause dated Mar. 30, 2021.)  In a letter dated April 9 and filed April 26, 2021, Appellant responded to the order to show cause.  (Resp. to Order to Show Cause.)

## II. Discussion

Appellee argues that, due to the dismissal of the underlying bankruptcy case, Appellant's appeal of the Bankruptcy's Court's denial of his Loss Mitigation request is moot because he is no longer a debtor in a case filed under Chapter 7, 11, 12, or 13 of the Bankruptcy Code and is thus ineligible for the Loss Mitigation Program under the Bankruptcy's Court's Loss Mitigation Program procedures. (Letter dated Nov. 23, 2020, at 2); *see also In re* Adoption of Modified Loss Mitigation Program Procedures, Bankruptcy Court General Order No. 676 (Bankr. E.D.N.Y. 2019) (defining eligible debtor as an "individual debtor in a case filed under Chapter 7, 11, 12, or 13 of the Bankruptcy Code"). Therefore, Appellee argues, even if the Bankruptcy Court committed reversible error in denying the Loss Mitigation request, this Court "is unable to fashion effective relief because of the dismissal of the bankruptcy case." (Letter dated Nov. 23, 2020, at 2.)

Appellant argues that, although Appellee makes him sound like "a serial bankruptcy filer," the order in the prior bankruptcy case granting Appellee in rem relief from the automatic stay also provided that Appellant could bring another bankruptcy case based on changed circumstances, and he brought the underlying bankruptcy case and requested to participate in the Loss Mitigation Program because his son agreed to contribute substantially to his mortgage payment, creating a change in his circumstances. (Resp. to Order to Show Cause 1.) In addition, Appellant argues that the Loss Mitigation Program is his last available means for saving his home because he has been trying for several years to get Appellee to approve a mortgage modification based on his son's willingness to contribute to the payments but Appellee has not been dealing with him in good faith, as Appellee keeps asking him to send the same documents "over and over." (*Id.* at 2.) Appellant further argues that he did not know that the underlying

5

bankruptcy case was dismissed and that he does not understand how the underlying case could be dismissed while his appeal is pending. (*Id.*) Appellant requests that the Court "tell the bank to sit down with [him] and work out the modification." (*Id.*)

Appellant's response to the Court's order to show cause fails to meaningfully address why the appeal is not moot and, instead, repeats arguments Appellant made in opposition to Appellee's objections to his Loss Mitigation request and to the Trustee's motion to dismiss the underlying bankruptcy case. *See* Motion to Deny Objections to Loss Mitigation Request, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. Aug. 7, 2020), Docket Entry No. 28 (arguing changed circumstances based on son's willingness to contribute to mortgage payments);[6] Objection to Notice of Motion, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. Aug. 7, 2020), Docket Entry No. 27 (arguing that Appellee has not been dealing with Appellant in good faith because Appellee keeps asking Appellant to send the same documents "over and over"). In addition, although Appellant argues he was not aware that the underlying bankruptcy case was dismissed and does not understand how it could be dismissed while his appeal is pending, he was present at the October 14, 2020 hearing at which the court denied his Loss Mitigation request and dismissed the case, and he filed this appeal after both the October 14 hearing and the Bankruptcy Court's October 25, 2020 order dismissing the case. *See* Transcript of October 14 Hearing, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. Dec. 11, 2020), Docket Entry No. 43; Order Dismissing Case, *In re Nanan*, No. 20-41154 (Bankr. E.D.N.Y. Oct. 25, 2020), Docket Entry No. 34; (Notice of Appeal).

---

[6] Appellant's son's willingness to help with payments is not a new circumstance — Appellant raised this argument in his prior bankruptcy case as well as the underlying case, *see In re Surujballie*, No. 18-45380 (Bankr. E.D.N.Y. Nov. 26, 2018), Docket Entry No. 25. In any event, this is an argument that Appellant was entitled to request Loss Mitigation — it does not address why his appeal is not moot.

In sum, Appellant has failed to show cause why his appeal is not moot. Accordingly, the Court dismisses his appeal as moot in view of the fact that Appellant is no longer eligible to participate in the Loss Mitigation Program and because, even assuming the Bankruptcy Court erred in denying his Loss Mitigation request, the Court is unable to fashion effective relief due to the dismissal of the underlying case. *See In re Dunia*, No. 20-CV-7484, 2021 WL 1700194, at *2 (S.D.N.Y. Apr. 29, 2021) (stating that "[w]hen a bankruptcy case has been dismissed, and that dismissal is not itself on appeal, an appeal of an interlocutory order of the bankruptcy court in that case is moot" and collecting cases (alteration in original) (quoting *Moss v. 245 E. 25th Realty Corp.*, No. 02-CV-7555, 2003 WL 256780, at *2 (S.D.N.Y. Feb. 5, 2003))); *Booker v. Notice U.S. Tr.*, No. 20-CV-561, 2021 WL 1178375, at *5 (D. Conn. Mar. 29, 2021) ("Even if the Court were to vacate the [b]ankruptcy [c]ourt's [order], the relief would not be effective because there is no longer an active underlying bankruptcy case. Without the possibility of effective relief, this appeal is moot and must be dismissed.").

### III. Conclusion

For the reasons stated above, the Court dismisses Appellant's appeal as moot. The Clerk of the Court is directed to mail a copy of this decision to Appellant at the address of record and close this case.

Dated: May 19, 2021
       Brooklyn, New York

SO ORDERED:

s/ MKB
_____
MARGO K. BRODIE
United States District Judge